# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FORCHT BANK, NA, et al.,
Plaintiffs-Appellees,

v.

CONSUMER FINANCIAL PROTECTION BUREAU, et al.,
Defendants-Appellants,

FINANCIAL TECHONOLOGY ASSOCIATION,
Intervenor-Appellant.

On Appeal from the United States District Court
for the Eastern District of Kentucky

## RESPONSE IN OPPOSITION TO MOTION FOR ABEYANCE

Intervenor-Appellant the Financial Technology Association respectfully opposes Plaintiffs-Appellees' Motion for Abeyance. Mot. for Abeyance, Dkt. No. 21, No. 25-6164 (Mar. 13, 2026). FTA is willing to agree to further extensions of the briefing deadlines as the rulemaking proceeds. But FTA does not believe that a blanket abeyance is warranted at this juncture.

Instead of a blanket abeyance, FTA proposes that Appellants in these consolidated cases should continue to move for extensions of briefing deadlines as appropriate on a quarterly basis while the CFPB's rulemaking is ongoing. This is consistent with

how the previous extension was handled, where FTA and the CFPB sought and received a 90-day extension. *See* Mot. to Extend Briefing Schedule, Dkt. No. 19, No. 25-6164 (Mar. 6, 2026); Ruling Letter, Dkt. No. 20 (Mar. 9, 2026) (granting same). Quarterly extensions of the briefing schedule will allow the parties to keep the Court apprised of the CFPB's progress toward a new final rule without unduly burdening the parties or the Court.

Moreover, it would be inappropriate to order a blanket abeyance at the insistence of the *Appellees* in this matter. Appellees received a preliminary injunction below so are unsurprisingly quite content to suspend all proceedings in perpetuity. Again, FTA agrees that the briefing deadlines should be extended periodically to give the CFPB time to finalize a new rule. However, if there is a point in the future where it becomes clear that a new rule is not forthcoming, then FTA may wish to proceed with briefing and oral argument. A blanket abeyance would shift to FTA the burden to seek affirmative relief from the Court in the event it wanted to move ahead with its own appeal.

Plaintiffs-Appellees cite various prior cases in which this Court granted abeyances, but those appear to have been unopposed. *See* Unopposed Mot. for Abeyance, *Sierra Club* v. *EPA*, No. 21-3057 (6th Cir. Feb. 12, 2021), Dkt. No. 13; Defendants-Appellees' Unopposed Mot. for Abeyance, *Kentucky* v. *EPA*, No. 23-5343 (6th Cir. June 30, 2023), Dkt. No. 27; Unopposed Mot. to Hold Briefing in Abeyance and for Abeyance, *In re: MCP No. 185*, No. 24-7000 (6th Cir. Aug. 6, 2024), Dkt. 74 (seeking unopposed abeyance only in consolidated appeals 24-3504 and 24-3507).

In fact, one of those orders emphasized that it was "[c]ritical" to the panel's decision to grant the abeyance that the government agency "does not oppose" it. Order at 2, *Pacheco* v. *Bondi*, No. 21-3104 (6th Cir. June 21, 2021), Dkt. No. 15-2. The opposition of the party who actually filed the appeal should weigh against abeyance here.

**CONCLUSION**

For these reasons, Intervenor-Appellant Financial Technology Association respectfully requests that the Court deny Plaintiffs-Appellee's motion for a blanket abeyance. FTA remains amenable to further extensions of the briefing schedule on a quarterly basis as the rulemaking proceeds.

Respectfully submitted,

/s/ Jeffrey M. Harris
Jeffrey M. Harris

|  |  |
|---|---|
| Adam G. Unikowsky | Nicholas B. Venable |
| JENNER & BLOCK LLP | CONSOVOY MCCARTHY PLLC |
| 1099 New York Avenue NW, Suite 900 | 1600 Wilson Blvd., Suite 700 |
| Washington, DC 20001 | Arlington, VA 22201 |
| (202) 639-6000 | (703) 243-9423 |
| aunikowsky@jenner.com | jeff@consovoymccarthy.com |

*Counsel for the Financial Technology Association*

## CERTIFICATE OF COMPLIANCE

This response complies with Rule 27(d) because its body contains 464 words. It also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in proportionally spaced typeface using Garamond 14-point font in Microsoft Word.

*/s/ Jeffrey M. Harris*
Counsel for Appellant

## CERTIFICATE OF SERVICE

I e-filed this response on March 23, 2026, which will email everyone requiring notice.

*/s/ Jeffrey M. Harris*
Counsel for Appellant
