Nos. 25-6164, 26-5005

---

THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

FORCHT BANK, N.A.; KENTUCKY BANKERS
ASSOCIATION; BANK POLICY INSTITUTE,
*Plaintiffs-Appellees*,

v.

CONSUMER FINANCIAL PROTECTION BUREAU;
RUSSELL VOUGHT, Acting Director of the
Consumer Financial Protection Bureau,
*Defendants-Appellants (26-5005),*

and

FINANCIAL TECHNOLOGY ASSOCIATION,
*Intervenor-Appellant (25-6164).*

---

On Appeal from the U.S. District Court for the Eastern District of Kentucky
No. 5:24-cv-304 (Hon. Danny C. Reeves, District Judge)

---

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF
THEIR MOTION FOR ABEYANCE**

---

JEFFREY B. WALL
JUDSON O. LITTLETON
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 956-7000

The parties largely agree about what should happen in these appeals.  In light of the CFPB's new rulemaking to "substantially revis[e]" the Rule at issue in this litigation, CFPB Opp'n at 1, no one suggests that it would be sensible or appropriate for the parties to begin briefing on whether the district court's stay of the Rule's compliance deadlines was appropriate.  That is because, as all recognize, it would effectively amount to an advisory opinion and a waste of judicial resources for this Court to address the merits of the old Rule the CFPB is replacing.  *See* Mot. for Abeyance at 13-14.  The only daylight between the parties is whether the appeals should be held in abeyance until the CFPB completes its rulemaking, or whether the parties should instead continue to come back to this Court seeking periodic extensions of the briefing deadlines until the CFPB's new rule eventually comes out.

Neither the CFPB nor FTA have given any reason to prefer the latter course.  The CFPB says (without explanation) that such periodic extensions will "allow for greater clarity concerning the rulemaking process than holding the appeal completely in abeyance."  CFPB Opp'n at 2.  But that has it backwards.  Abeyance makes clear that litigation will not proceed until the CFPB issues a new rule, while piecemeal extensions create ongoing

2

uncertainty as to whether future extensions will be sought (or granted by this Court, as the CFPB and FTA seem to assume).

FTA similarly seeks to rely on "[q]uarterly extensions" of the briefing schedule and contends that granting abeyance would inappropriately impose on FTA a "burden to seek affirmative relief" if, at some "point in the future," it "becomes clear that a new rule is not forthcoming." FTA Opp'n at 2. But that is no real burden at all. The abeyance requested in plaintiffs' motion is predicated on the CFPB's new rulemaking. If the CFPB were to abandon that effort and seek to enforce the existing Rule instead, the justification for abeyance would likely disappear. In those circumstances, a motion to lift the abeyance would impose no more burden than the serial, quarterly motions for extension FTA would file under its own proposal (which would impose a burden on this Court to review and grant each extension). And lifting an abeyance would provide a far more orderly way to resume these appeals should the need to do so ever arise than simply awaiting a time when FTA decides not to file a new extension motion.

In short, given that all parties agree that briefing in these appeals should not start while the CFPB conducts its new rulemaking, the most efficient and

orderly course is to place these appeals in abeyance until that rulemaking is complete.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs-appellees' motion to hold these appeals in abeyance pending completion of the CFPB's rulemaking and publication of a new final rule in the Federal Register.

Dated:  March 25, 2026

Respectfully submitted,

/s/ *Judson O. Littleton*
Jeffrey B. Wall
Judson O. Littleton
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 956-7000
wallj@sullcrom.com
littletonj@sullcrom.com

*Counsel for Plaintiffs-Appellees Forcht Bank, N.A., Kentucky Bankers Association, and Bank Policy Institute*

4

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because it contains 488 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).  The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionally spaced typeface in 14-point font.

Dated:  March 25, 2026

Respectfully submitted,

/s/ *Judson O. Littleton*
Judson O. Littleton
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 956-7000
littletonj@sullcrom.com

*Counsel for Plaintiffs-Appellees Forcht Bank, N.A., Kentucky Bankers Association, and Bank Policy Institute*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2026, I electronically filed the foregoing reply motion with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

Dated: March 25, 2026

Respectfully submitted,

/s/ *Judson O. Littleton*
Judson O. Littleton
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 956-7000
littletonj@sullcrom.com

*Counsel for Plaintiffs-Appellees Forcht Bank, N.A., Kentucky Bankers Association, and Bank Policy Institute*